LAW OFFICES OF

STUART J. MOSKOVITZ, ESQ.

819 HIGHWAY 33
FREEHOLD, NJ 07728
TEL. 732.431.1413
FAX. 732.431.0798
EMAIL STUARTJ@MOSKOVITZ.ORG

STUART J. MOSKOVITZ, ESQ.*

*Admitted in NJ, NY and PA

June 12, 2015

**BY ECF**

Hon. Jerome B. Simandle, U.S.D.J., Chief Judge
United States District Court - New Jersey
Mitchell Cohen Bldg and U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

    Re:    **ACR Energy Partners, LLC v.
Polo North Country Club, Inc.
Docket No. 15-cv-02677-JBS-JS**

Dear Judge Simandle:

I am in receipt of the letter of this date from ACR's counsel seeking a two week extension of time with respect to our motion to dismiss.

The ostensible reason for this request is a claimed dispute over the discovery you permitted them to take with respect to diversity jurisdiction as it applied to Polo North Country Club, Inc. Our discovery was submitted, as requested by them, on June 10, 2015. They did not object to our responses until today. At 1:55 p.m. I first received from counsel for ACR an email setting forth for the first time the particular items ACR believed were deficient. Just over one hour later, without waiting for a response from me, ACR filed its letter seeking the extension. In fairness, ACR was aware of my general position regarding its request when we spoke generally in the morning prior to my receiving itemized concerns.

The opposition to our motion is due Monday, June 15, 2015.

Having reviewed the itemized concerns, I do not believe there is any point to be served by delaying this matter.

Hon. Jerome B. Simandle, U.S.D.J                                                Page 2
June 12, 2015

We do not believe that ACR is entitled to any further discovery for any of the items in what their attorneys refer to as "a non-exclusive list of the deficiencies in Polo North's purported discovery responses."

The absurdity of ACR's dispute appears in numerous paragraphs, such as its statement:

> Furthermore, Polo North states that the documents reflecting the travel arrangements of Polo North's officers are no longer in Polo North's possession. ACR Energy reserves the right to seek sanctions for spoliation of evidence.

The travel arrangements of Polo North's officers, who are all involved with numerous entities other than Polo North, is not remotely relevant to the principal place of business of Polo North as of April 15, 2015. Moreover, there is no way these officers, one of whom is a private attorney who travels across the world for many clients other than Mr. Straub, would have any reason to even imagine that their expended airline tickets – the only documentation that ever existed of their travel arrangements – would be "evidence" in any case, let alone this one.

Prior to actually purchasing the Revel, as we have stated many times, Polo North operated out of Florida. That changed once the purchase was completed and there was a physical property from which to do business in New Jersey. Yet, ACR seeks information regarding *every* entity owned by Mr. Straub and all activities of Polo North even prior to contemplating the purchase of the Revel, none of which is relevant to the issue before the Court. The issue isn't where Mr. Straub's place of business is, nor is it what Polo North's business may have been in 2008. The only issue is when did Atlantic City become the principal place of business of Polo North. That's it.

Hon. Jerome B. Simandle, U.S.D.J     Page 3
June 12, 2015

In its notice of "deficiencies" ACR intentionally confuses Mr. Straub and Polo North Country Club, Inc., claiming that since Mr. Straub testified he had interests other than in Atlantic City, somehow that means that Polo North Country Club, Inc., has such interests. Moreover, in supporting that inaccurate conclusion, ACR relies on testimony given by Mr. Straub long before the purchase of the Revel by Polo North.

The level to which ACR is simply attempting to harass Mr. Straub and demand information that is of no use to this Court is shown in its demand that Mr. Straub provide "documentary record" of when his yacht arrived in Atlantic City. As absurd as this is on its face, especially since it was never claimed that the yacht, as opposed to the Revel building, is the principal place of business, the yacht belongs to Mr. Straub who owns dozens of companies, not Polo North.

Each of the claimed "deficiencies" is essentially along the same lines. All of the material in the possession of Polo North or its officers, employees and agents, has been presented in our responses to discovery. There is nothing available to us that is relevant to the issue of diversity, namely the principal place of business of Polo North as of the date of the filing of the Complaint on April 15, 2015 – after the purchase of the Revel by Polo North – that has not been produced.

In other words, there is no legitimate discovery dispute and no reason to extend this matter by two weeks.

                                       Respectfully submitted,

                                       /s/ Stuart J. Moskovitz

                                       Stuart J. Moskovitz

SJM/slf5887
cc:  all counsel of record by ECF